

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **MATTHEW GUPTON,** | ) | **Docket No. 2020-06-0903** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 39367-2020** |
| **JACKSON-HON GALLATIN, LLC** | ) | |
| **d/b/a GALLATIN HONDA,** | ) | **Judge Joshua Davis Baker** |
| **Employer.** | | |

## EXPEDITED HEARING ORDER

The Court held an expedited hearing on July 13, 2021, to consider Mr. Gupton's request for medical and temporary disability benefits. Gallatin Honda raised several defenses to these requests including failure to timely report a workplace injury and lack of medical causation. The Court grants Mr. Gupton's request for medical benefits, in part, but at this time denies his request for temporary disability benefits.

### Claim History

Mr. Gupton worked for about five years as an auto detailer for BMW of Nashville before taking a similar position in August 2019 at Gallatin Honda. He worked there for about nine months. Over that period, Honda hired several more employees, and Mr. Gupton mainly oversaw their work. After the pandemic began, Honda laid off those employees, eventually leaving only Mr. Gupton to detail cars.

Mr. Gupton said his workload increased as Honda laid off other detailers. As the only detailer on staff, he returned to performing more physical labor, including washing, waxing, vacuuming, cleaning windows, etc. However, even with the increased workload, he admitted detailing only about four to eight automobiles per week.

Mr. Gupton testified that he injured his shoulders on May 18, 2020, while doing a "customer detail." While working around the steering column and the pedals, he felt immediate onset of pain in both shoulders that "brought tears to [his] eyes," and he was unable to move either shoulder. Before his trial testimony, he had never identified a specific incident that caused his pain.

When the pain began, Mr. Gupton said he went immediately to his supervisor, Eric Gaskins, and told him he "could not move [his] arm," and that his condition began while doing an interior detail. Mr. Gaskins denied that Mr. Gupton came to see him on May 18, and Mr. Gupton admitted in his deposition that he could have talked with Mr. Gaskins on May 18, 19, or 20. But he maintained he "told him multiple times my shoulders were hurting."

Mr. Gaskins agreed that Mr. Gupton told him many times that his shoulders hurt, but not until about two months before Mr. Gupton took time off for surgery. Mr. Gaskins also said he asked Mr. Gupton multiple times whether he hurt his shoulders at work, and Mr. Gupton said the pain began before he came to work for Honda. He further told Mr. Gaskins that doing the same type of work over the years had hurt his shoulders, and he hurt his shoulder when he "pulled something" while working on a jet ski. Mr. Gaskins said Mr. Gupton never asked to file a workers' compensation claim but did ask if he could be placed on layoff for Covid so he could collect unemployment or take leave under FMLA.

Returning to Mr. Gupton's interactions with Honda, he spoke with human resources manager Cindy Davis about short-term disability. This conversation occurred about the time he began treating with Dr. Paul Grutter. He did not tell her that he hurt his shoulders at work, and he admitted that he never discussed filing a workers' compensation claim with either Ms. Davis or his supervisor, Mr. Gaskins. He did, however, eventually seek treatment under workers' compensation when he filed a petition for benefit determination on June 18.

Brandy Hartley, a claims adjuster for Honda's workers' compensation carrier, testified about her difficulty in completing an investigation after Mr. Gupton filed his petition. She attempted unsuccessfully to obtain a statement from him. So, Mr. Gupton never received a panel of physicians, and Ms. Hartley eventually denied the claim because she could not verify necessary information.

Before he filed his petition and Ms. Hartley began her investigation, Mr. Gupton started treating with Dr. Grutter. At their first appointment on June 9, 2019, he told Dr. Grutter he hurt his shoulders detailing cars at work, but he never mentioned a specific incident. Also, in a new patient form, Mr. Gupton wrote that he had been experiencing shoulder pain and soreness for one and a half years. Dr. Grutter operated on Mr. Gupton's right shoulder on June 24 and ordered physical therapy.

Unfortunately, Mr. Gupton reinjured his right shoulder about four weeks after his first surgery while assisting a relative who had fallen from her wheelchair. The reinjury required Dr. Grutter to perform a second surgery.

Medical records Honda presented in its defense showed that Mr. Gupton had a history of problems with his shoulders dating back several years. A medical note from

2

2018 stated he had "possible rotator cuff pathology." A record from 2019 also said he had impingement syndrome in his right shoulder and pain in his left shoulder. He also sought pain treatment for his shoulders over several years.

Counsel for Honda presented Dr. Grutter with these medical records at his deposition. Dr. Grutter admitted it was "possible" that Mr. Gupton had the shoulder problems prompting his surgery before he came to work for Honda. He also "could not definitively say when he had a rotator cuff tear." However, he did say that Mr. Gupton's shoulder injuries "became disabling for him while he was employed, you know, whatever date that was."

In the end Dr. Grutter testified consistently with his affidavit testimony, which said, "he's been employed full time detailing automobiles and involving heavy use of his arms and shoulders throughout the workday. On May 18, 2020, he experienced such severe pain in both shoulders as a result of his employment duties, that he sought medical treatment. Mr. Gupton had been overusing his shoulders for approximately 1.5 years."

**Findings of Fact and Conclusions of Law**

Mr. Gupton need only present sufficient evidence at this stage that he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Honda raised notice as a defense, so the Court will address it first. Tennessee Code Annotated section 50-6-201 discusses notice. Because Dr. Grutter diagnosed Mr. Gupton with a gradual condition, Mr. Gupton was required to provide notice within fifteen days of whenever he was "rendered unable to continue to perform the employee's normal work activities as the result of the work-related injury and the employee knows or reasonably should know that the injury was caused by work-related activities." *Id*. at § 50-6-201(b)(2).

The Court finds Mr. Gupton did not know this until after he first saw Dr. Grutter on June 9, 2019. Nine days later, he filed a petition for benefit determination seeking treatment. This was well within the fifteen-day notice period. The Court finds Honda's notice defense unpersuasive.

Turning to the substantive issues of Mr. Gupton's claim, the Court first examines whether Mr. Gupton suffered an injury at all. Under Workers' Compensation Law, Mr. Gupton must prove he suffered an injury caused by a specific incident or set of incidents arising "primarily out of and in the course and scope of employment," which means the employment contributed more than fifty percent in causing the injury, considering all causes. Tenn. Code Ann. § 50-6-102(14)(A)-(B).

3

Here, the Court finds that Mr. Gupton's testimony about the overuse of his arms while detailing cars over several years was sufficient to carry his burden of proof. Although he did not detail a specific event until the day of the trial, the Court finds that his testimony about the waxing, cleaning, and washing cars resulted in cumulative injury that became disabling while he worked for Honda.

The Court further finds the medical evidence supports Mr. Gupton's injury was caused by his work for Honda. An injury is work-related when "the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). An employee must present expert medical proof that an alleged injury is causally related to employment when the case is not "obvious, simple [or] routine." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *27 (Nov. 9, 2015).

While somewhat less than definitive on how Mr. Gupton incurred bilateral shoulder injuries, Dr. Grutter's testimony was sufficient to show that his injuries resulted from years of overuse and became disabling while working for Honda. Dr. Grutter admitted it was "possible" that Mr. Gupton had the shoulder problems before he came to work for Honda and "could not definitively say when he had a rotator cuff tear." However, causation opinions cannot be based on "speculation or possibility." *See* Tenn. Code Ann. § 50-6-102(14)(D). Further, Dr. Grutter did say that Mr. Gupton's shoulder injuries "became disabling for him while he was employed, you know, whatever date that was." His affidavit said, "he's been employed full time detailing automobiles and involving heavy use of his arms and shoulders throughout the workday. On May 18, 2020, he experienced such severe pain in both shoulders as a result of his employment duties, that he sought medical treatment. Mr. Gupton had been overusing his ·shoulders for approximately 1.5 years." Based on this testimony, the Court finds Mr. Gupton would likely prevail at a hearing on the merits in his claim for medical treatment for his shoulder injuries.

In view of the above decision, Honda must provide Mr. Gupton treatment for his injuries, as the Worker's Compensation Law requires an employer to "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). The Court holds that Mr. Gupton's need for treatment for both shoulders arose from his work but limits that treatment to his left shoulder only.

When an injury requires medical care, an employer is obligated to "designate a group of three (3) or more . . . physicians . . . from which the injured employee shall select one to be the treating physician." *Id*. at § 50-6-204(a)(3)(A)(i). Here, Mr. Gupton prevented Honda from providing a timely panel when he failed to report his injury as a workers' compensation claim before scheduling his surgery with Dr. Grutter, and having that surgery less than a week after filing his petition for benefit determination. Further, he reinjured his right shoulder after that operation in a non-work-related event. So, the Court

4

holds that Honda is not responsible for any of the treatment Mr. Gupton received for his right shoulder. Honda must, however, provide Mr. Gupton a panel of orthopedic specialists for his left shoulder.

The Court finds Mr. Gupton has not carried his burden of proof to receive temporary total disability benefits. To recover, he needed to prove (1) he is totally disabled and unable to work due to a compensable injury, (2) the work injury and inability to work are causally connected, and (3) the duration of the disability to recover benefits. *Jewell v. Cobble Constr. and Arcus Restoration*, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at \*21 (Jan. 12, 2015). Here, Mr. Gupton's time off work stemmed only from his right shoulder injury for which he is not entitled to benefits. Therefore, he is unlikely to prevail a hearing on the merits in proving entitlement to these benefits. Should Mr. Gupton be taken off work for his left-shoulder surgery, he may file a claim for those benefits if necessary.

**IT IS ORDERED** as follows:

1. Honda shall provide Mr. Gupton a panel of physicians for treatment of his left shoulder.

2. The Court, at this time, denies Mr. Gupton's request for treatment for his right shoulder and for temporary disability benefits.

3. The Court sets a **status conference on October 11, 2021, at 10:00 a.m. (CDT).** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED AUGUST 10, 2021.**

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

5

# **APPENDIX**

Exhibits:
1. Medical records
2. Affidavit of Matthew Gupton
3. First Report of Injury completed by Cindy Davis Downey
4. Statement of Eric Gaskins
5. Statement of Cindy Davis Downey
6. First Report of Injury completed by Brandy Hartley
7. Letter from BWC dated June 26, 2019
8. Panel of Physicians
9. Amended Wage Statement
10. Application for unemployment benefits submitted April 6, 2020
11. Qualifying Separation Determination Letter mailed April 9, 2020
12. Text message between Reed Koehler, Eric Gaskins, and Matthew Gupton dated May 25, 2020
13. Text messages between Eric Gaskins and Matthew Gupton from May 25, 2020, to June 17, 2020 (collective exhibit)
14. Emails between Michael McGee and Brandy Hartley from June 19, 2020, to July 14, 2020 (collective exhibit)
15. Deposition of Dr. Paul Grutter, including attached exhibits
16. Notice of claim denial
17. Follow-up evaluation medical record 8/29/2017

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Honda's Brief
5. Mr. Gupton's Brief

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 10, 2021.

| Name | Standard Mail | Via Fax | Via Email | Addresses |
|------|---------------|---------|-----------|-----------|
| Dave Rich, Employee's Attorney | | | X | Dave.rich@hdlawoffice.com |
| Jennifer Orr, Employer's Attorney | | | X | Jennifer.orr@farrar-bates.com Rebecca.moore@farrar-bates.com |

_____
Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*